IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JULIO NELSON PAREDES | * | |
| Petitioner | * | |
| v | * | Civil No.   WDQ-12-2671 |
| | | Criminal No.  WDQ-08-0511 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Julio Nelson Paredes's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. ECF No. 144. Pursuant to the Court's order, ECF No. 145, the United States responded as to the issue of whether Paredes's motion is timely, ECF No. 147. Paredes filed a Reply. ECF No. 149. No hearing is required. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*.

On November 6, 2008, a federal grand jury returned an indictment charging Paredes with Hobbs Act robbery and conspiracy in violation of 18 U.S.C. § 1951, and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §924(c). ECF No. 1. On April 30, 2009, a superseding indictment was returned. ECF No. 66.

On August 6, 2009, Paredes pled guilty after three days of jury trial. *See* ECF No. 94. On October 23, 2009, Paredes was sentenced to 240 months imprisonment. ECF No. 98. On October 28, 2009, judgment was entered. ECF No. 99. No appeal was filed. On November 7, 2009, Paredes's conviction became final, when the time for filing an appeal expired. *See* Fed. R. App. Pro. 4(b)(1)(A). On September 7, 2012, Paredes filed the instant motion. ECF No. 144.

The limitations period for filing the motion to vacate expired November 7, 2010, one year after Paredes's conviction became final. *See* 28 U.S.C. § 2255(f)(1). The instant motion to

vacate was filed on September 7, 2012,[1] and is untimely. Paredes asserts that equitable tolling applies to his motion because he did not understand English and was "incompetent" regarding legal proceedings. ECF No. 149 at 4. He states that he did not understand the one-year filing deadline until someone explained the law to him in his native language, Spanish. *Id.* at 7.

To be entitled to equitable tolling, Paredes must establish that either some wrongful conduct by the United States contributed to his delay in filing his motion, or that extraordinary circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Paredes has failed to establish factors warranting equitable tolling of the statute of limitations. To the extent he is asserting that his attorney's failure to file a direct appeal caused the delay in filing, that assertion is insufficient for equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) (attorney error is insufficient basis for equitable tolling). Paredes's claim that he was not aware of the filing deadline for a motion to vacate is insufficient to warrant equitable tolling, as lack of knowledge does not constitute circumstances beyond his control. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (ignorance of the law even for pro se litigant is insufficient). "[U]nfamiliarity with the legal process, lack of representation, illiteracy, or inability to speak, write . . . or understand English does not constitute grounds for equitable tolling." *Ortiz v. Stanback*, No 5:11-HC-2219-BO, 2012 WL 1884681, at *3 (E.D.N.C. May 23, 2012).

---

[1] Paredes did not date the motion.

Having concluded that the motion to vacate was filed beyond the statute of limitations, the Court will dismiss the motion as untimely in a separate Order which follows. When dismissal of a motion to vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Paredes has not made such a showing. Thus, a certificate of appealability will not issue.

12/6/12
Date

William D. Quarles, Jr.
United States District Judge